# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GEORGE W. STEFFEY, JR., )
)
Petitioner, )
)
v. ) Case No. CIV 06-304-RAW-KEW
)
MARTY SIRMONS, Warden, )
)
Respondent. )

## OPINION AND ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, attacks the execution of his sentence, claiming his security points for an escape in 1996 and for his violent crime history are being applied inconsistently and in violation of the prohibition against ex post facto laws. He, consequently, is not allowed to be promoted to a higher earned credit status which would shorten his incarceration. He also complains that his jail time in Mayes County should be applied toward his sentence.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by 28 U.S.C. § 2244(d), and petitioner has not exhausted his administrative remedies. The record shows that petitioner escaped on September 9, 1996. After his return to custody, he was assigned to Earned Credit Level 1 or Level 2, except for a period from October 1, 1998, until November 10, 1998, when he was assigned to Level 3. Since

November 1998 petitioner has been ineligible for Level 3, because of his extensive misconduct record, including his participation in a riot in which an inmate was killed. He did not become eligible for a lower security level until July 2007. Petitioner has advised the court he was reclassified as a medium security inmate, effective July 10, 2007.

The respondent asserts that, pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period begins to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The respondent asserts the limitation period started either on October 17, 2003, when "the active disciplinary points expired,"[1] or on January 29, 2004, when petitioner's "active disciplinary points [restricted] petitioner's ability to be assigned to Level 3 and 4 again." (Docket #17 at 3-4). The supporting documents provided by the respondent, however, indicate that petitioner's most recent misconduct that resulted in his ineligibility for Level 3 or 4 occurred on July 10, 2005. (Docket #17, Exhibit 3 at 2).

Taking this latest date as the starting point for the limitation period, petitioner had until July 10, 2006, to file a federal habeas corpus petition challenging his level assignment. This petition was filed on August 3, 2006. The respondent alleges petitioner did not file any proper grievances during this limitation period, *see* Docket #17, Exhibits 7-9, so there is no tolling.[2] Furthermore, petitioner does not contest the respondent's allegation that this petition

---

[1] The supporting records submitted by the respondent indicate that on October 17, 2001, petitioner received a misconduct that resulting in his 2-year ineligibility for Level 3 or 4. (Docket #17, Exhibit 3 at 2).

[2] Petitioner has submitted a copy of an Inmate/Offender Grievance Report Form dated October 19, 2006, which apparently was denied. (Docket #36 at 17). The facility head concurred on November 2, 2006. (Docket #36 at 18). There is no indication, however, that

2

is time barred.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition (Docket #17) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 10th day of September 2007.

**Dated this 10th Day of September 2007.**

J4h4i0

                                                 _____
                                                 Ronald A. White
                                                 United States District Judge
                                                 Eastern District of Oklahoma

---

petitioner exhausted his administrative remedies on this claim.